UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT POOLER (#234804)**                                              CIVIL ACTION

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**                                            NO. 08-0442-RET-CN

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, February 19, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ROBERT POOLER (#234804)**                                            **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**                                          **NO. 08-0442-RET-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' motions to dismiss, rec.doc.nos. 15 and 21. These motions are not opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Kenneth Temple, Kendra Harris, Mack Shaw, Donald Barr, Secretary James LeBlanc and Colonel Bonnette. The plaintiff complains that the defendants have violated his constitutional rights by closing his dormitory during certain hours of the morning and afternoon, resulting in his inability to use the restroom facilities during these periods. The plaintiff contends that this policy constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

On a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

1

fair notice of what the ... claim is and the grounds upon which it rests[.]" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, ___ U.S. ___, 127 U.S. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, in order to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

Initially, it appears from the plaintiff's Complaint that he has named the defendants in both their individual and their official

capacities.  However, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  Neither a State, <u>nor its officials acting in their official capacities</u>, are "persons" under § 1983.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claim against the defendants in their individual capacities, the plaintiff alleges in his Complaint, as amended, that he suffers from certain unspecified medical problems which result in his need to use the restroom on a frequent basis.  Notwithstanding, the defendants engage in the practice of closing his dormitory on a daily basis between the hours of 7:00 and 10:30 a.m., and between the hours of 11:30 and 3:30 p.m.  The plaintiff complains that, as a result, he suffers from an inability to use the restroom when needed, and he complains that the defendants' conduct results in deliberate indifference to his serious medical needs.  Specifically, he states that he is exposed to "unsafe conditions" resulting from inmates "not allow to use bath-room when need".  In addition, the plaintiff refers to a single incident on August 14, 2007, when a security officer threatened and verbally abused the plaintiff for using a restroom in an adjacent dormitory.

In response to the plaintiff's allegations, the defendants raise the defense of qualified immunity.  Specifically, the defendants contend that the plaintiff has failed to allege conduct on their part which violated the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. Second, the district court must determine whether the rights allegedly violated were clearly established. This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id.

Undertaking the Saucier analysis, the Court concludes that the defendant's motion is well-taken, but only in part as discussed hereafter.

Initially, with regard to the plaintiff's claim that defendant Temple subjected the plaintiff to threats and verbal abuse on a single occasion in August, 2007, when the defendant observed the plaintiff leaving a dormitory which the plaintiff did not have permission to enter, this claim is clearly without merit. Pursuant to well-established law, allegations of verbal abuse alone do not present claims under § 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985); Johnson v. Glick,

4

481 F.2d 1028, 1033 n.7 (2d Cir. 1973).  Accordingly, the plaintiff's allegations regarding threats and verbal abuse are insufficient to state a claim of constitutional dimension and must be dismissed.

The defendants next address the plaintiff's claim which they characterize as complaining of the policy at LSP which precludes inmates from entering certain prison buildings or dormitories without permission. To the extent that the plaintiff's Complaint may be interpreted as asserting this claim, it is clear that this claim is without constitutional merit.  Implicit in the concept of incarceration is the authority of prison officials to impose restrictions and limitations on the freedom of inmates to move freely about the institution.  An inmate's status as a prisoner and the operational realities of prison life dictate that certain restrictions be placed upon the inmate's ability to come and go where or when he wishes without requesting or obtaining authorization. In short, it cannot be contested that prison officials have the constitutional authority to limit an inmate's ability to enter a dormitory to which he is not assigned.  Accordingly, to the extent that the plaintiff's Complaint may be interpreted as making this claim, the claim is without merit and must be dismissed.

Finally, turning to the plaintiff's remaining claim, that he is allegedly not provided with access to a restroom when needed during certain hours of the day, and that this has resulted in deliberate indifference to his serious medical needs in light of his alleged medical condition, the Court concludes that the defendants' motions must be denied because they have essentially failed to address this claim.  Specifically, the defendants have characterized the plaintiff's Complaint in this case

solely as challenging the incident of August, 2007, and the prison rule limiting the plaintiff's right to enter buildings without permission. As stated in the motion to dismiss, the defendants characterize the plaintiff's claim solely as seeking monetary damages "related to his entering into dormitory without permission". As a result, the defendants have failed to address what the Court believes to be the central element of the plaintiff's claim, <u>i.e.</u>, that he is allegedly not provided with access to a restroom when needed during certain hours of the day. Having failed to address this claim in the instant motions, the matter should be referred back to the undersigned for further proceedings.

Finally, the plaintiff also seeks to invoke the supplemental jurisdiction of this court. District courts, however, may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, in light of this standard, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims and that the defendants' motions to dismiss, rec.doc.nos. 15 and 21, be granted in part, dismissing the plaintiff's claims against the defendants in their official capacities and dismissing the plaintiff's claims regarding the

alleged incident of August 14, 2007, and regarding the prison policy relative to inmates being disallowed from entering prison buildings without permission.  It is further recommended that the plaintiff's remaining claim, that he is allegedly not provided with access to a restroom when needed during certain hours of the day, be referred back to the Magistrate Judge for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, February 19, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**